■ In the Matter of ANTHONY ARGENTO, Appellant, v NEW YORK CITY LOFT BOARD et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Jeffrey Atlas, J.), entered November 14, 1989, which denied and dismissed petitioner's application for a judgment reversing and vacating the Loft Board's order and determination that the building at 223 East 2nd Street is an interim multiple dwelling subject to coverage under the Multiple Dwelling Law, unanimously affirmed, without costs.

Residential tenants of the building at 223 East 2nd Street applied to the Loft Board for interim dwelling status. The owner of the building opposed the application. A hearing was held on five dates. The owner was represented by counsel on the first two dates. Thereafter, the building was sold to petitioner and petitioner appeared through counsel on the last three dates of the hearing. The tenants presented 11 witnesses and some 50 exhibits. Both petitioner and the previous owner chose not to present any evidence. Based on the evidence, the Loft Board concluded that floors 2, 3, 6 and 7 had been residentially occupied by at least three families during the statutory window period of April 1, 1980 to December 1, 1981, and thus, the tenants' application for coverage under article 7-C of the Multiple Dwelling Law (Loft Law) was granted.

Petitioner commenced this CPLR article 78 petition which was dismissed by the IAS court since the Loft Board's determination was supported by substantial evidence. Based on a review of the entire record, we agree that the Loft Board's determination was supported by substantial evidence. *(See, e.g., Matter of Purdy v Kreisberg,* 47 NY2d 354, 358.)

Petitioner also challenges the Loft Board's determination since it allegedly did not comply with an instruction sheet issued by the New York City Board of Standards and Appeals (BSA) on September 1, 1980. However, the evidence establishes that the instruction sheet had never been issued or adopted by the Loft Board and had nothing to do with the instant application. In addition, the instructions at issue had been superseded by the BSA in 1983. Moreover, even if the instructions at issue were applicable, the Loft Board's order was consistent with the instructions. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Kupferman, JJ.