■ In the Matter of MURRAY WARREN ASSOCIATES, Petitioner, v NEW YORK CITY LOFT BOARD, Respondent, and WILLIAM HALL et al., Intervenors-Respondents.—Determination of the respondent New York City Loft Board dated September 27, 1990, finding that certain premises constitute an interim multiple dwelling, unanimously confirmed, the petition denied, and the proceeding (transferred to this court by order of the Supreme Court, New York County [Stanley L. Sklar, J.], entered May 14, 1991), is dismissed, without costs.

Respondent Loft Board's determination that the building is an interim multiple dwelling, based on its finding that the loft unit formerly occupied by one Richard Gulliksen was primarily residential within the meaning of Multiple Dwelling Law § 281 (1) (iii), is supported by substantial evidence (Matter of Argento v New York City Loft Bd., 169 AD2d 678). Gulliksen claimed that he moved out of the unit and into his parents' home prior to the commencement of the statutory "window period", thereby purporting to "legalize" his presence. However, the only physical change made to the premises was the removal of a bed and clothes locker. Gulliksen admitted that he continued to sleep in the unit nightly upon his return from work, and that he spent only weekends and holidays at his parents' home. Further, there was evidence that Gulliksen was at one time employed by petitioner, and that his relationship with the tenants was strained, which would have given him a motive to conceal his residential use of the unit. On this record, it was well within the respondent's discretion to make the credibility determination that it did. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Smith, JJ.